# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

# Case No.___09-21925-CIV-UNGARO/WHITE___

# The attached hand-written document
# has been scanned and is
# also available in the
# SUPPLEMENTAL
# PAPER FILE

# 09-21925

**CIV-UNGARO** MAGISTRATE JUDGE WHITE

FILED by ___ D.C.

JUL 10 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

Page 2

AO 241
(Rev. 12/04)

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Southern District of Florida |
|---|---|

| Name (under which you were convicted): JOHN CANADY | Docket or Case No.: 08-4797 |
|---|---|
| Place of Confinement : | Prisoner No.: 577544 |

| Petitioner (include the name under which you were convicted) JOHN CANADY | Respondent (authorized person having custody of petitioner) |
|---|---|

v.

The Attorney General of the State of *Florida*

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT, IN AND FOR MANATEE COUNTY, FLORIDA.

(b) Criminal docket or case number (if you know): 08-4797 L.T. #: 07-CF-3800

2. (a) Date of the judgment of conviction (if you know): SEPTEMBER 4, 2008

(b) Date of sentencing: SEPTEMBER 4, 2008

3. Length of sentence: NINE (9) YEARS

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

1. BURGLARY OF AN UNOCCUPIED CONVEYANCE
2. DEALING IN STOLEN PROPERTY
3. TRESPASS ON PROPERTY OTHER THAN STRUCTURE OR CONVEYANCE.

6. (a) What was your plea? (Check one)

☐ (1) Not guilty   ☐ (3) Nolo contendere (no contest)

☒ (2) Guilty   ☐ (4) Insanity plea

cgt/dlv 530/2254/MIA
Case #09cv01615
Judge Ungaro Mag RAW
Moth lfp Yes   Fee pd $ 0
Receipt # _____

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

*Plea guilty To all Three (3) Counts.*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☐ No

8.  Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: *Second District Court of Appeal - Florida*

(b) Docket or case number (if you know): *2D08-4797*

(c) Result: *Per Curiam Affirmed*

(d) Date of result (if you know): *Opinion Filed May 6, 2009*

(e) Citation to the case (if you know): *N/A*

(f) Grounds raised: *Did The Trial Court Err in Summarily Denying Appellants Motion To Withdraw Plea?*

(g) Did you seek further review by a higher state court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☐  No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:     ☐ Yes     ☐ No

(2) Second petition:     ☐ Yes     ☐ No

(3) Third petition:     ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): IT WAS ERROR
FOR THE TRIAL COURT TO SUMMARILY DENY THE MOTION TO WITHDRAW PLEA
AS IT DID. THE ALLEGATIONS IN A MOTION TO WITHDRAW PLEA MUST BE
ASSUMED TO BE CORRECT IF THE MOTION IS TO BE DENIED WITHOUT AN
EVIDENTIARY HEARING, UNLESS THE RECORD CLEARLY REFUTES THOSE ALLEGATIONS.
THE TRIAL COURT CANNOT SUMMARILY DENY A MOTION TO WITHDRAW A
PLEA WITHOUT FIRST AT LEAST CITING IN THE ORDER THOSE PORTIONS OF THE
RECORD THAT MAY CLEARLY REFUTE THE ALLEGATIONS MADE IN THE MOTION.
THE TRIAL COURT THUS ERRED IN DENYING THE MOTION TO WITHDRAW
PLEA, ESPECIALLY WITHOUT AT LEAST HEARING EVIDENCE AND TESTIMONY ON
THE MERITS OF THIS MOTION OR WITHOUT REFERRING TO THE RECORD
IF IT BELIEVED THE RECORD CLEARLY REFUTED APPELLANTS ALLEGATIONS. THE
SUMMARY DENIAL OF APPELLANTS MOTION TO WITHDRAW PLEA SHOULD BE RE-
VERSED, AND THE CAUSE REMANDED.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

    (1) If appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐  Yes   ☐  No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

✎AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)　　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)　　**Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　❏ Yes　　❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)　　**Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　❏ Yes　　❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

   (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

   having jurisdiction?    ☒ Yes    ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

   presenting them:

   (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

   ground or grounds have not been presented, and state your reasons for not presenting them:

   *THERE IS NO GROUND THAT HAS NOT BEEN PRESENTED,*

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

   that you challenge in this petition?    ☐ Yes    ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

   raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

   of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

   the judgment you are challenging?    ☐ Yes    ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

   raised.

AO 241
(Rev. 12/04)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: *Harlan L. Milhorn II., Assistant Public Defender*

(b) At arraignment and plea: *Same*

(c) At trial: *Same*

(d) At sentencing: *Same*

(e) On appeal: *Bruce P. Taylor, Assistant Public Defender*

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes     ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

✎AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *THE SUMMARY DENIAL OF
APPELLANTS MOTION TO WITHDRAW PLEA SHOULD BE BE REVERSED,
AND THE CAUSE REMANDED FOR AN EVIDENTIARY HEARING,*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on *July 7TH, 2009*    (month, date, year).

Executed (signed) on _____    (date).

*John Canady  7/7/09*
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

Southern District of Florida

* * * * *

IN THE  DISTRICT COURT OF APPEAL OF
THE STATE OF FLORIDA
SECOND DISTRICT

JOHN CANADY,                    :

     Appellant,                :

vs.

STATE OF FLORIDA,               :        Case No. 08-4797

     Appellee.                 :

_____

APPEAL FROM THE CIRCUIT COURT
IN AND FOR MANATEE COUNTY
STATE OF FLORIDA

INITIAL BRIEF OF APPELLANT

JAMES MARION MOORMAN
PUBLIC DEFENDER
TENTH JUDICIAL CIRCUIT

BRUCE P. TAYLOR
Assistant Public Defender
Fla. Bar No.  224936


Public Defender's Office
Polk County Courthouse

P.O. Box 9000-- Drawer PD
Bartow, Fl.  33831
(863) 534-4200


ATTORNEYS FOR APPELLANT

## TABLE OF CONTENTS

| ITEM | PAGE NUMBER |
|---|---|
| Table of Citations | 2 |
| Statement of Facts and of the Case | 2 |
| Issue on Appeal | 3 |
| Summary of Argument | 4 |
| Argument | |
| Did the Trial Court Err in Summarily Denying Appellant's Motion to Withdraw Plea? | 4 |
| Conclusion | 5 |
| Certificate of Service | 5 |

## TABLE OF CITATIONS

| ITEM | PAGE NUMBER |
|---|---|
| Loomis v. State, 691 So. 2nd 34 (Fla. 2nd DCA 1997) | 4 |
| Robinson v. State, 549 So. 2nd 1181 (Fla. 1st DCA 1989) | 4 |

## STATEMENT OF THE CASE AND OF THE FACTS

The record in this case consists of one volume and a single pagination system. References to the record will be made (R. _____ L._____). Line references will be omitted when not necessary.

Appellant was charged with burglary to an unoccupied conveyance, dealing in stolen property and trespassing. The offenses allegedly occurred on September 28, 2007 (R 7-8; 19-21). On September 4, 2008 Appellant entered pleas of no

2

contest to the charges, as well as to other pending charges not part of this appeal, with the understanding he would be sentenced to 9 years in prison concurrently.  The agreed upon sentence was imposed, except that as to count 1 (the third degree felony, he was sentenced to 102 months in prison and as to the misdemeanor count he was sentenced to "time served" (R 68-84; 42-54).  It is noted the 102 month sentence for the third degree felony was the minimum required by the criminal punishment code score sheet (R 39-41).

On September 10, 2008 Appellant filed a pro se motion to withdraw plea, alleging he had been misled by his lawyer as to the "situation".  He stated he believed he could win the case (R 55-56).  The Trial Court summarily denied the motion without conducting a hearing and without stating any reason for the denial, and without referring to any portion of the record that clearly refuted Appellant's allegations (R 57).  This appeal followed (R 59).

## ISSUE ON APPEAL

Did the Trial Court Err in Summarily Denying Appellant's Motion to withdraw Plea?

## SUMMARY OF ARGUMENT

It was error for the trial court to summarily deny the motion to withdraw plea as it did.  The cause should be remanded for further proceedings.

## ARGUMENT

The allegations in a motion to withdraw plea must be assumed to be correct if the motion is to be denied without an evidentiary hearing, unless the record clearly refutes those allegations, Robinson v. State, 549 So. 2nd 1181 (Fla. 1st DCA 1989) and  Loomis v. State, 691 So. 2nd 34 (Fla. 2nd DCA 1997).

The trial court can not summarily deny a motion to withdraw plea without at least citing in the order those portions of the record that may clearly refute the allegations made in the motion, Loomis, supra.

The Trial Court thus erred in denying the motion to withdraw plea, especially without at least hearing evidence and testimony on the merits of the motion or without referring to the record if it believed the record clearly refuted Appellant's allegations.

4

## CONCLUSION

The summary denial of Appellant's motion to withdraw plea should be reversed, and the cause remanded for either an evidentiary hearing addressing the merits of the motion, or at least the entry of a written order stating reasons for the denial of the motion and referring to portions of the record the Court may claim clearly refute Appellant's allegations.

Respectfully Submitted:

BRUCE P. TAYLOR
Fla. Bar No.  224936
Public Defender's Office
Polk County Courthouse
P.O. Box 9000-- Drawer PD
Bartow, Fl.  33831
(863) 534-4200

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Office of the Attorney General  at 3507 East Frontage Rd. Ste 200, Tampa, Fl.  33607, on this the 8th Day of December, 2008.

THIS BRIEF IS PRINTED IN "COURIER NEW" 12 POINT TYPE

BRUCE P. TAYLOR
Assistant Public Defender
Fla. Bar No.  224936
Public Defender's Office
Polk County Courthouse
P.O. Box 9000-- Drawer PD
Bartow, Fl.  33831
(863) 534-4200

5

IN THE DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

JOHN CANADY,

    Appellant,

v.                                    Case No.2D08-4797

STATE OF FLORIDA,

    Appellee.

_____

ON APPEAL FROM THE CIRCUIT COURT
IN AND FOR MANATEE COUNTY
STATE OF FLORIDA

**ANSWER BRIEF OF APPELLEE**

**BILL McCOLLUM**
**ATTORNEY GENERAL**

**JOSEPH HWAN-YUL LEE**
**Assistant Attorney General**
Florida Bar No. 947040
Concourse Center 4
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607-7013
(813)287-7900
Fax (813)281-5500

COUNSEL FOR APPELLEE

## TABLE OF CONTENTS

TABLE OF CITATIONS  . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . 1

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**WHETHER THE TRIAL COURT ERRED IN SUMMARILY DENYING THE MOTION TO WITHDRAW PLEA.**

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . 2

CERTIFICATE OF FONT COMPLIANCE  . . . . . . . . . . . . . . 2

## TABLE OF CITATIONS

Roberts v. State,
950 So. 2d 1254 (Fla. 2d DCA 2007). . . . . . . . . . . . . . . 1

### OTHER AUTHORITIES

Fla. R. App. P. 9.210(a)(2) . . . . . . . . . . . . . . . . . 2

## STATEMENT OF THE CASE AND FACTS

Appellee accepts Appellant's statement of the case and facts as substantially accurate and non-argumentative.

## ARGUMENT

**WHETHER THE TRIAL COURT ERRED IN SUMMARILY DENYING THE MOTION TO WITHDRAW PLEA.**

The State recognizes that Appellant is entitled to the relief requested, to wit, a reversal and remand for the trial court to conduct an evidentiary hearing or for entry of a written order stating the reasons for the denial of the motion with reference to portions of the record which clearly refute Appellant's allegations. See Roberts v. State, 950 So. 2d 1254 (Fla. 2d DCA 2007).

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to Bruce P. Taylor, Assistant Public Defender, P.O. Box 9000—Drawer PD, Bartow, Florida 33831-9000, this 8th day of January 2009.

## CERTIFICATE OF FONT COMPLIANCE

I HEREBY CERTIFY that the size and style of type used in this brief is 12-point Courier New, in compliance with Fla. R. App. P. 9.210(a)(2).

Respectfully submitted,

BILL McCOLLUM
ATTORNEY GENERAL

JOSEPH HWAN-YUL LEE
Assistant Attorney General
Florida Bar No. 947040
Concourse Center 4
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607-7013
(813)287-7900
Fax (813)281-5500

COUNSEL FOR APPELLEE

2

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN CANADY,                          )
                                      )
           Appellant,                 )
                                      )      Case No. 2D08-4797
v.                                    )
                                      )
STATE OF FLORIDA,                     )
                                      )
           Appellee.                  )
_____ )

Opinion filed May 6, 2009.

Appeal from the Circuit Court for
Manatee County; Janette Dunnigan,
Judge.

James Marion Moorman, Public
Defender, and Bruce P. Taylor,
Assistant Public Defender, Bartow,
for Appellant.

Bill McCollum, Attorney General,
Tallahassee, and Joseph Hwan-Yul
Lee, Assistant Attorney General,
Tampa, for Appellee.

PER CURIAM.

           Affirmed.

WHATLEY and KHOUZAM, JJ., and DAKAN, STEPHEN L., ASSOCIATE SENIOR
JUDGE, Concur.

JOHN CANADY #577544
SUMTER CORRECTIONAL INST.
9544 C.R. 476 B
BUSHNELL, Florida. 33513

5-11-09
JC

PUBLIC DEFENDERS OFFICE, ATT; MR. BRUCE TAYLOR
POLK COUNTY COURTHOUSE
P.O. BOX 9000 DRAWER P.D.
BARTOW, Florida. 33831

RE: CASE NO.: 2D 08-4797

DEAR: MR. TAYLOR,

ON MAY 6TH, 2009, THE FLORIDA SECOND DISTRICT COURT OF APPEAL "PER CURIAM" AFFIRMED MY JUDGEMENT AND SENTENCE. I NEED TO KNOW AS SOON AS POSSIBLE, IF YOU ARE GOING TO FILE FOR A REHEARING! BASED ON THE "STATES RESPONSE TO THE INITIAL BRIEF. A REHEARING IS AUTHORIZED BY FLA. R. APP. P. 9.141. ALTHOUGH THE UNDERSIGNED BELIEVES THIS HONORABLE COURT HAS "MISAPPREHENDED" AND OVERLOOKED THE ISSUE THAT THE STATES ANSWER BRIEF ACKNOWLEDGE THAT THIS APPELLANT "IS ENTITLED TO THE RELIEF REQUESTED", TO WIT: A REVERSAL AND REMAND FOR THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING.

THANK YOU FOR YOUR ANTICIPATED COOPERATION.
RESPECTFULLY

John Canady #577544
JOHN CANADY 577544
SUMTER CORRECTIONAL INSTITUTION
9544 C.R. 476 B
BUSHNELL, Florida. 33513

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
# SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL 33802-0327

June 26, 2009

**CASE NO.: 2D08-4797**
L.T. No. : 07-CF-3800

John Canady                           v.       State Of Florida

_____

Appellant / Petitioner(s),                              Appellee / Respondent(s).

## BY ORDER OF THE COURT:

Appellant's motion for rehearing is denied.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

John  Canady                    Joseph H. Lee, A. A. G.              Bruce P. Taylor, A.P.D.
R. B. "Chips" Shore, Clerk

me

_James Birkhold_
James Birkhold
Clerk